Thomas P. Hernandez, Appellant, v. Hudson Plastering Corp., Respondent.—

Memorandum: The certificate of readiness and the note of issue were served by plaintiff on September 29, 1959, and filed shortly thereafter. The certificate stated that a physical examination had been waived. More than a year and a half later the defendant moved for a physical examination. Prior to that no motion had been made to strike the case from the calendar as not ready for trial under subdivision 2 of rule III of the Rules of the Supreme Court, Eighth Judicial District. No explanation is given in the affidavit supporting the motion for the physical examination except "That deponent has recently become the attorney for the defendant in this action and has found that the defendant is ignorant of the nature and extent of the injuries complained of by the plaintiff." The time that the affiant became attorney for the defendant is not stated nor is there anything in the affidavit to excuse the failure of affiant or his predecessor to move within the time limitation contained in said subdivision 2. The bill of particulars had been served before the date of the certificate of readiness, so that at that time the defendant

had been apprised of the contentions of the plaintiff regarding injuries. The defendant also knew that the amount demanded was $100,000, but still no effort was made to strike the case from the calendar as not ready for trial. Under the circumstances, we feel that the granting of the order permitting the examination was an improvident exercise of discretion. (Appeal from order of Erie Special Term granting defendant a physical examination of plaintiff by a doctor.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ.